**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-71

UNITED STATES TAX COURT

MARTIN GUTIERREZ, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6480-13S.                          Filed July 16, 2014.

Martin Gutierrez, pro se.

<u>John R. Gordon</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $4,949 income tax deficiency for 2011 attributable to disallowance of dependency exemption deductions, earned income and child tax credits, and petitioner's filing status. After concessions by respondent,[2] the issue for our consideration is whether two minor children in petitioner's household were "qualifying children" for purposes of the earned income and child tax credits during 2011.

## Background

Petitioner resided in Arizona when his petition was filed. During 2011 Alicia Vasquez and her two minor children lived in petitioner's household and were supported by him. Petitioner was not married to Ms. Vasquez during 2011 but married her during 2013. During 2013 petitioner also became a "custodial parent" of the two minor children by order of the Superior Court of Arizona.

On his 2011 Federal income tax return petitioner claimed head of household filing status, and he claimed Ms. Vasquez and her two minor children as his

---

[2]At trial respondent conceded that petitioner is entitled to head of household filing status and that he is entitled to dependency exemption deductions for the two minor children and Ms. Vasquez for 2011.

dependents. Petitioner also sought an earned income credit and a child tax credit, claiming that the two minors were qualifying children for purposes of the credits. Respondent disallowed the dependency exemption deductions, the credits, and the head of household filing status and issued a notice of deficiency to petitioner, who timely petitioned this Court for relief.

## Discussion[3]

Respondent has conceded all issues raised in the notice of deficiency except whether petitioner is entitled to the earned income and child tax credits for 2011. For purposes of the earned income credit, section 32 requires that the taxpayer have a qualifying child or children for the taxable year. Sec. 32(a), (c)(1)(A)(i). For purposes of a child tax credit, section 24 also requires that the taxpayer have a qualifying child or children for the taxable year. Sec. 24(a), (c)(1). For the earned income and child tax credits, a qualifying child is defined, in pertinent part, in section 152(c) as one who satisfies the relationship test of section 152(c)(1)(A). See secs. 24(c)(1), 32(c)(3)(A). Section 152(c)(2) defines a "qualifying child" as one that must be either a child, brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative. At trial petitioner admitted that the

_____

[3]No issues were raised by the parties concerning the burden of proof or production.

two minor children in this case did not meet the definitions of section 152(c)(2) during the year at issue.

Wherefore, we hold that petitioner is not entitled to either the earned income credit or the child tax credit for 2011.

To reflect the foregoing and to account for respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.